```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                              Case No.: 8:12-cr-306-VMC-MAP

TEODORO AGUIRRE-MINOTTA

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Teodoro Aguirre-Minotta's pro se "Motion for Reduction for Mitigating Role." (Doc. # 197). The United States has responded and Aguirre-Minotta has filed a reply. (Doc. ## 200, 201). For the reasons set forth below, the Motion is denied.

On August 4, 2015, this Court entered a judgment against Aguirre-Minotta and sentenced him to 135 months' imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 135). He now requests a sentence reduction pursuant to Amendment 794 to the sentencing guidelines.

The Court, however, cannot grant Aguirre-Minotta the relief he seeks. Amendment 794, which became effective on November 1, 2015, provides a non-exhaustive list of factors

the Court should consider in determining whether a mitigating role adjustment applies.

This Court has the discretion to reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). But, the Sentencing Commission has limited retroactive application of amendments to the sentencing guidelines in Section 3582(c)(2) proceedings to those amendments listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a). Accordingly, if an amendment is not listed in U.S.S.G. § 1B1.10(d), a reduction pursuant to Section 3582(c)(2) is not authorized. United States v. Armstrong, 347 F.3d 905, 907-09 (11th Cir. 2003) ("[O]nly amendments, clarifying or not, listed under subsection (c) of [Section] 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under [Section] 3582(c)(2).").

Amendment 794 is not listed among the retroactive amendments in U.S.S.G. § 1B1.10(d), and thus this amendment does not authorize a reduction in Aguirre-Minotta's term of

imprisonment. See United States v. Carvajal, No. 8:08-cr-458-VMC-TBM, 2017 WL 1155441, at *2 (M.D. Fla. Mar. 28, 2017) ("Because Amendment 794 is not listed among the retroactive amendments in U.S.S.G. § 1B1.10(d), Amendment 794 does not authorize a reduction in Carvajal's term of imprisonment under § 3582(c)(2).").

And while Aguirre-Minotta points to the Ninth Circuit's opinion in United States v. Quintero-Leyva, 823 F.3d 519, 523 (9th Cir. 2016), (Doc. # 201 at 2), that case held only that Amendment 794 applies retroactively to direct appeals. Because Aguirre-Minotta is not seeking relief on direct appeal, Quintero-Leyva is inapplicable. See United States v. Tapia, No. 8:14-cr-30-SDM-TBM, 2016 WL 4815150, at *1 (M.D. Fla. Sept. 14, 2016) (rejecting reliance on Quintero-Leyva where issue was not presented on direct appellate review). Accordingly, Aguirre-Minotta's Motion must be denied on this basis alone.[1]

Even if the Court were to reach the merits of the Motion, however, Aguirre-Minotta would not be entitled to a mitigating or minor role reduction. Aguirre-Minotta, along

---

[1] The Court also notes that it previously rejected a motion made by one of Aguirre-Minotta's co-defendants for post-conviction relief under Amendment 794. See (Doc. ## 158, 159).

3

with his three co-defendants, were all involved with a drug trafficking organization responsible for transporting cocaine via speedboats from Colombia to Mexico or Guatemala. (Doc. # 131 at ¶ 13). Aguirre-Minotta was one of the men who provided radio communications for the drug ventures, gave instructions to the captains of the speedboats, monitored communications between the speedboats and refueling vessels, and reported back to the organization's leaders about the success of each smuggling trip. (Id. at ¶ 15). During the course of the conspiracy, the United States Coast Guard interdicted seven cocaine smuggling ventures involving a total of 8,280 kilograms of cocaine with which Aguirre-Minotta was involved. (Id. at ¶¶ 16-24).

"Two principles guide the determination of whether a defendant played a minor role in the criminal scheme: (1) 'the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing,' and (2) '[his] role as compared to that of other participants in [his] relevant conduct.'" United States v. Presendieu, 880 F.3d 1228, 1249 (11th Cir. 2018) (quoting United States v. De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc)).

The Court agrees with the government that Aguirre-Minotta played a significant role in the drug smuggling

4

conspiracy – he conducted the radio operations and provided other vital logistical support for the smuggling ventures of numerous go-fast vessels that transported more than 8,000 kilograms of cocaine over a four-year period. Under these facts, Aguirre-Minotta would not be eligible for a mitigating or minor role reduction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Teodoro Aguirre-Minotta's Motion for Reduction for Mitigating Role (Doc. # 197) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of March, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE